

# Missouri Court of Appeals
## Western District

K.D.W., )
                                     ) WD86993

           Appellant, )

v. ) OPINION FILED:

 )

MISSOURI STATE HIGHWAY PATROL ) September 9, 2025
RECORDS REPOSITORY, ET AL., )

 )

          Respondents. )

 )

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Jeffrey Lynn Bushur, Judge**

**Before Special Division:  Gary D. Witt, Presiding Judge,**
**Thomas N. Chapman, Judge, and Zel M. Fischer, Special Judge**

K.D.W. appeals a judgment of the Circuit Court of Jackson County that denied her request for expungement under article XIV, section 2.10(8)(a) of the Missouri Constitution, but granted her request for statutory expungement under section 610.140. K.D.W. argues on appeal that the trial court erred in denying her petition for expungement under article XIV, section 2 because her criminal history records qualified for expungement under article XIV, section 2.10(8)(a).  The judgment is affirmed.

**Background**

On December 18, 2004, K.D.W. was arrested and fingerprinted by the Lee's Summit Police Department for possession of marijuana in violation of section 17-240 of the Lee's Summit Code of Ordinances ("Lee's Summit Code"). K.D.W. was charged by the Lee's Summit Prosecutor's Office with one count of possession of marijuana in violation of section 17-240 of the Lee's Summit Code. The charge was thereafter amended to a charge of defective equipment. K.D.W. pled guilty to the amended charge and paid a fine.

Records of K.D.W.'s arrest and charge for possession of marijuana and record of the disposition in the case for defective equipment were reported to the central repository and added to her criminal history record.

In 2022, the people of Missouri adopted article XIV, section 2 of the Missouri Constitution with the general purpose of making marijuana legal under state and local law for adults twenty-one years of age or older. Mo. Const. art. XIV, § 2.1. Among its provisions, article XIV, section 2 contains provisions regarding the expungement of criminal history records. Mo. Const. art. XIV, § 2.10(7)-(8). Article XIV, section 2.10(8)(a) provides:

> Within six months of the effective date of this section, the circuit courts of this state shall order the expungement of the criminal history records of all misdemeanor marijuana offenses for any person who is no longer incarcerated or under the supervision of the department of corrections. Within twelve months of the effective date of this section, the circuit courts of this state shall order the expungement of criminal history records for all persons no longer incarcerated or under the supervision of the department

2

of corrections but who have completed their sentence for any felony marijuana offenses and any marijuana offenses that would no longer be a crime after the effective dates of sections 1 and 2 of this Article, excluding distribution or delivery to a minor, any such offenses involving violence, or any offense of operating a motor vehicle while under the influence of marijuana. For all class A, class B and class C, or successor designations, felony marijuana offenses, and for all class D, or successor designation, felony marijuana offenses for possession of more than three pounds of marijuana, the circuit courts of this state shall order expungement of criminal history records upon the completion of the person's incarceration, including any supervised probation or parole. For the purposes of this subdivision, "criminal history record" means all information documenting an individual's contact with the criminal justice system, including data regarding identification, arrest or citation, arraignment, judicial disposition, custody, and supervision.

On July 20, 2023, K.D.W. filed a two-count petition for expungement, naming a number of governmental entities as defendants. Count I sought expungement under article XIV, section 2.10(8)(a) of the Missouri Constitution. Alternatively, Count II sought statutory expungement under section 610.140.

With regard to her request for expungement under article XIV, section 2, K.D.W. asserted that records of her arrest and charge for possession of marijuana are "criminal history records" of "misdemeanor marijuana offenses" that must be expunged pursuant to article XIV, section 2.10(8)(a) of the Missouri Constitution. K.D.W. requested that the circuit court issue an order expunging all records and files related to the offense and provide notice to a number of entities that may have records related to the expungement order.

On November 1, 2023, a hearing was held. A copy of K.D.W.'s criminal history record was admitted without objection. This exhibit contained record of K.D.W.'s arrest

3

and charge for possession of marijuana in violation of a local ordinance and record of the disposition of the case as a finding of guilt for defective equipment for which she was sentenced to pay a fine. In addition to hearing arguments from the parties, the trial court also admitted into evidence a certified copy of a number of ordinances from the Lee's Summit Code and a certified copy of a municipal court record with information regarding the disposition of K.D.W.'s case from February 10, 2005.

On January 18, 2024, the circuit court issued its judgment denying expungement under article XIV, section 2, but granting statutory expungement under section 610.140. Regarding the denial of expungement under article XIV, section 2, the trial court concluded, *inter alia*, that the charge of possession of marijuana was a charge of an ordinance violation which did not qualify as a misdemeanor marijuana offense for purposes of article XIV, section 2.10(8)(a); that a municipal ordinance violation involves a civil rather than criminal proceeding such that a municipal ordinance violation did not qualify as a marijuana offense that would no longer be a crime after the effective date of article XIV, section 2;[1] that K.D.W. was never convicted or sentenced for possession of

---

[1] In this aspect of its judgment, the trial court ruled on whether expungement would be appropriate under the second sentence of article XIV, section 2.10(8)(a). Although K.D.W.'s petition asserted that expungement was warranted under the first sentence of article XIV, section 2.10(8)(a) and did not include specific assertions regarding the second sentence, K.D.W.'s petition did request expungement under article XIV, section 2.10(8)(a), all of the parties made arguments before the trial court regarding whether expungement was warranted under the second sentence of article XIV, section 2.10(8)(a), and the trial court ruled on whether expungement was warranted under the second sentence of article XIV, section 2.10(8)(a). Based on this record, it is clear that whether expungement was warranted under the second sentence of article XIV, section 2.10(8)(a) was an issue that was before the trial court.

marijuana; and that article XIV, section 2 provided the trial court no authority to vacate or expunge a record of an arrest for a marijuana offense that was not followed by a conviction.

K.D.W. now appeals to this court.[2]

## Standard of Review

On appeal from a court-tried case, we will affirm the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Fletcher v. Young*, 689 S.W.3d 161, 164 (Mo. banc 2024) (citation omitted). "Questions of law, including those of statutory and constitutional interpretation, are reviewed *de novo*." *Id.* (citation omitted).

"When construing a constitutional amendment, the fundamental purpose of constitutional construction is to give effect to the intent of the voters who adopted the amendment." *Conservation Comm'n v. Bailey*, 669 S.W.3d 61, 67 (Mo. banc 2023) (citation omitted). "This Court's primary goal in interpreting Missouri's constitution is to ascribe to the words of a constitutional provision the meaning that the people understood them to have when the provision was adopted." *Doyle v. Tidball*, 625 S.W.3d 459, 463 (Mo. banc 2021) (internal quotations and citation omitted). "When construing a

---

[2] Expungement under article XIV, section 2 operates differently than expungement under section 610.140. As the trial court correctly recognized, expungement under article XIV, section 2 operates more broadly than does statutory expungement under section 610.140. *Compare* Mo. Const. art. XIV, section 2.10(8) *with* § 610.140.

constitutional provision . . . words are to be taken in accord with their fair intendment and their natural and ordinary meaning, which can be determined by consulting dictionary definitions." *Saint Louis Univ. v. Masonic Temple Ass'n of St. Louis*, 220 S.W.3d 721, 726 (Mo. banc 2007). "When the constitution employs words that long have had a technical meaning, as used in statutes and judicial proceedings, those words are to be understood in their technical sense unless there is something to show that they were employed in some other way." *Am. Fed'n of Teachers v. Ledbetter*, 387 S.W.3d 360, 364 (Mo. banc 2012). "When a constitutional provision defines a certain word or phrase, that construction supersedes the commonly accepted dictionary or judicial definition, and it is binding on the courts." *C.S. v. Missouri State Highway Patrol Crim. Just. Info. Serv.*, 716 S.W.3d 264, 267 (Mo. banc 2025) (internal quotations and citation omitted).

"The constitutional provision should be considered as a whole, with the primary objectives of the provision in issue in mind." *Id.* (internal quotations and citation omitted). "While a court will read a constitutional provision broadly, it cannot ascribe to it a meaning that is contrary to that clearly intended by the drafters." *Farmer v. Kinder*, 89 S.W.3d 447, 452 (Mo. banc 2002). Courts are not to add words to a constitutional provision that are not there or to alter the language adopted by the people of Missouri. *See Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 918 (Mo. banc 2016). "Courts should avoid constructions of the Missouri Constitution that are unreasonable or would lead to absurd results." *State ex rel. Dep't of Health & Senior Servs. v. Slusher*, 638 S.W.3d 496, 500 (Mo. banc 2022) (citation omitted).

6

**Analysis**

K.D.W. raises three points on appeal. In her first two points, she argues that the trial court erred in denying her petition for expungement under article XIV, section 2 of the Missouri Constitution because the criminal history records on her criminal history record qualify as records of "misdemeanor marijuana offenses" under the first sentence of article XIV, section 2.10(8)(a). In her third point, she argues that expungement was warranted under the second sentence of article XIV, section 2.10(8)(a) because records of her arrest and charge for marijuana possession qualify as records of a marijuana offense that would no longer be a crime after the effective date of article XIV, section 2.

**Points One And Two**

In her first two points, K.D.W. argues that records of her arrest and charge for possession of marijuana in violation of a municipal ordinance qualify for expungement under the first sentence of article XIV, section 2.10(8)(a).

The first sentence of article XIV, section 2.10(8)(a) provides: "Within six months of the effective date of this section, the circuit courts of this state shall order the expungement of the criminal history records of all misdemeanor marijuana offenses for any person who is no longer incarcerated or under the supervision of the department of corrections." The trial court found that the records on K.D.W.'s criminal history record did not constitute records of a misdemeanor marijuana offense because municipal ordinance violations do not qualify as misdemeanor marijuana offenses. We agree.

7

Article XIV, section 2 does not define the term "misdemeanor" or the phrase "misdemeanor marijuana offense." "Misdemeanor" is defined as "a crime less than a felony." *Misdemeanor*, Webster's Third New International Dictionary (1961). In addition, the term "misdemeanor" has a widely used meaning in Missouri criminal law, and we find it appropriate to understand that the people of Missouri would understand the term as having this meaning when used in article XIV, section 2. *See Am. Fed'n of Teachers*, 387 S.W.3d at 364. Under Missouri law, municipal ordinance violations are not misdemeanors that constitute criminal offenses under The Revised Criminal Code. *See* § 556.061(33), (35); *see also* § 556.026 ("No conduct constitutes an offense or infraction unless made so by this code or by other applicable statute."). Article XIV, section 2.10 contains provisions setting forth the consequences for specified violative conduct. Article XIV, section 2.10(6) distinguishes between violations that result in civil infractions or civil penalties and thrice repeated violations that result in a misdemeanor, revealing an understanding within article XIV, section 2 that the term misdemeanor was intended to mean something different from and more consequential than a civil infraction or a civil penalty. *See* Mo. Const. art. XIV, § 2.10(6)(a)-(d). Consequently, K.D.W. cannot establish that her records qualify as records of a "misdemeanor marijuana offense" for purposes of article XIV, section 2.10(8)(a).

Points one and two are denied.

**Point Three**

In her third point, K.D.W. argues that her records qualify for expungement under the second sentence of article XIV, section 2.10(8)(a).

The provision on which K.D.W. relies provides:

> Within twelve months of the effective date of this section, the circuit courts of this state shall order the expungement of criminal history records for all persons no longer incarcerated or under the supervision of the department of corrections but who have completed their sentence for any felony marijuana offenses and any marijuana offenses that would no longer be a crime after the effective dates of sections 1 and 2 of this Article, excluding distribution or delivery to a minor, any such offenses involving violence, or any offense of operating a motor vehicle while under the influence of marijuana.

Mo. Const. art. XIV, § 2.10(8)(a).

As relevant to K.D.W.'s argument, the category of persons to whom this provision applies includes only those persons "who have completed their sentence for . . . any marijuana offenses that would no longer be a crime . . . ." K.D.W. was never convicted of possession of marijuana and therefore does not fall within this category of persons.

Point three is denied.

**Conclusion**

The judgment is affirmed.

_____
Thomas N. Chapman, Judge

All concur.

9